## Oliver E. Carpenter et al., Defendants in Error, v. Robert H. Law, Plaintiff in Error.

## Gen. No. 15,707.

MUNICIPAL COURT—*when judgment not disturbed.* The judgment of the Municipal Court will not be disturbed if the Appellate Court is satisfied that substantial justice has been done thereby.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

DOLPH, SILSBEE & PUTNAM, for plaintiff in error.

COLEMAN S. EVERETT, for defendants in error; JOHN C. EVERETT, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

Defendants in error, who were proprietors of an automobile garage, sued plaintiff in error, Robert Law, in the Municipal Court for storing, washing, charging and making repairs on an electric automobile from August 1, 1904, until September 1, 1908. The evidence in the record shows that in addition to the storage the plaintiffs also attended to washing and charging the machine. For these services a stipulated monthly charge was made. The plaintiffs below also made repairs upon the machine from time to time for which regular charges were made. During the time of year when the machine could not be used regularly, it was placed in dead storage for which a smaller sum was charged than during the months when the machine could be used regularly.

Regarding the regular charge made, the only ques-

tion in dispute between the parties is as to the dead storage, plaintiff in error claiming the charge should be $6 per month instead of $8 as claimed by defendants. in error. Until November 1, 1907, bills were rendered by defendants in error to plaintiff in error at the end of every month and were paid promptly. Between December 1, 1907, and May 1, 1908, while the machine was in the care and custody of the defendants in error, some acid got upon the machine and injured it. As a result of this injury it became necessary to make certain repairs, and while they were being made at the expense of defendants in error, the plaintiff in error was deprived of the use of the machine. Against the claim of the defendants in error for $237.39 for these services and repairs the plaintiff in error seeks to set off the sum of $155, of which amount $80 is for painting and repairing the machine on account of the injury done to it by the acid, as it is claimed, and $75 is for the loss of the use of the machine while it was being repaired. These issues of fact together with the amount of the dead storage were submitted to the court without a jury, and the court found for the defendants in error for $237.39.

No propositions to be held as the law applicable to the facts were presented or submitted to the court, nor is there any controversy as to the law in this court. It is wholly one of fact. Upon an examination of the evidence we are of the opinion that no ground appears for interfering with the finding of the trial court. We think the conclusion of the court was correct and the judgment is, therefore, affirmed.

*Affirmed.*